**DISTRICT OF COLUMBIA v. VESTRY OF ST. JAMES PARISH.**

No. 9092.

United States Court of Appeals District of Columbia.

Argued Dec. 12, 1945.

Decided Jan. 14, 1946.

Mr. G. C. Updegraff, Assistant Corporation Counsel, District of Columbia, of Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, D. C., and Chester H. Gray, Principal Assistant Corporation Counsel, D. C., both of Washington, D. C., were on the brief for petitioner. Mr. Richmond B. Keech, Corporation Counsel, of Washington, D. C., at the time the brief for the District was filed, also appears thereon.

Mr. Henry M. Ward, of Washington, D. C., pro hac vice, by special leave of court, for respondent.

Before GRONER, C. J., and CLARK and PRETTYMAN, JJ.

GRONER, C. J.

The respondent, a religious corporation, is the owner of a church and a rectory located in the District of Columbia. The District Assessor, in the 1944 real estate assessment, returned a part of the rectory building for taxation. The Church in due time petitioned the Board of Tax Appeals to strike the assessment as erroneous. There was a hearing in accordance with the provisions of the statute and a decision in favor of the Church, and from that decision the District has petitioned this court for review.

The applicable District of Columbia statute,[1] provides, inter alia, that pastoral residences actually occupied as such by the "pastor, rector, minister, or rabbi of a church" shall be exempt from taxation, "Provided, That such pastoral residence be owned by the church * * * for which said pastor, rector, minister, or rabbi officiates: And provided further, That not more than one such pastoral residence shall be so exempt for any one church * * *." Another section [2] provides that—

"If any building or any portion thereof, or grounds, belonging to and actually used by any institution or organization entitled to exemption under the provisions of this Act are used to secure a rent or income for any activity other than that for which exemption is granted such building, or portion thereof, or grounds, shall be assessed and taxed."

The Board found the following facts:

(1) That during all of 1944 respondent was a religious organization, according to the doctrines of the Episcopal Church, and was the owner of a church building and rectory;

(2) That the rector occupies the rectory as a part of his compensation, is unmarried and no member of his immediate family resides with him, but that, in addition to servants, three other persons—members of the Church—occupy rooms on the second floor of the rectory for which the rector receives sums aggregating $140 monthly, covering rents and the table board of one of them. The amounts thus received by the rector were some seven or eight hundred dollars less than the annual cost of maintaining the rectory and the cost of the food

---

[1] Act of Dec. 24, 1942, c. 826, 56 Stat. 1089, 1090, D.C.Code 1940, Supp. IV, § 47—801a.

[2] D.C.Code, 1940, Supp. IV, § 47—801b.

consumed therein, including the accommodations and food of the rector.

(3) That the renting of the vacant rooms by the rector and furnishing meals to one of the tenants was not the securing of rent or income, but was more in the nature of a reduction of or a sharing in cost of living of the rector.

On the basis of these facts the Board concluded that the renting of the rooms was not the use of all or a part of the building "to secure rent or income for an activity other than that for which exemption was granted."

We are of opinion that the Board's conclusion is correct.

In the present case it is conceded that respondent is a church and is the owner of a single rectory which is occupied by its rector, and in these respects is expressly within the terms of the exemption statute.

The single question for decision is whether the fact that the rector rents three rooms in the rectory to persons other than his immediate family is of itself sufficient to annul the exemption and make part of the rectory building subject to taxation.

The record shows that the Vestry of the Church employed the rector at an annual salary of $1,800 and the use of the rectory. The rector, in order to heat and maintain the dwelling and to provide ordinary comforts, rented three vacant rooms to members of the Church and of the Church's guilds, and the evidence shows that the amount charged each was markedly less than the current price for equal accommodations. The total cost of maintaining the rectory, providing meals for the rector and the single boarder who took his meals with him, was considerably in excess of the amount received by him from this source, and left but little of his modest stipend for other necessary expenses. The "activity" in which he engaged was, we think, therefore directly in line with the natural and normal functions of the Church, since otherwise it is reasonably clear that on the

meager salary the Church was able to pay—about the amount which in present day conditions is paid to a competent domestic servant—the rectory could hardly have been maintained and constantly used, as the evidence shows it was, not only for the rector's home and study, but also for church meetings and other essential "activities" of the parish. Certainly, it seems to us clear that the peculiar language of the local statute fits the admitted conditions more nearly than a holding that the rent money received from the three rooms was used for a purpose contrary to that for which the Church was organized and operated and which was the occasion of the exemption from tax. Here the Church provided a rectory primarily for the use of its rector. That he in turn used a small portion of it to house three members of the Church's guilds, and incidentally to produce in part the needed wherewithal to maintain the rectory for his use and the use of the Church, certainly did not bring it within the statutory interdiction. The words of the statute do not proscribe income received *for* an activity consistent with the primary aims and purposes of the Church, or the necessities which move it to provide a home for its priest. How then can it be properly claimed that the small sums involved in this case were not used in aid of the Church's activities when, obviously, without them it would likely have been denied the use of the rectory which, not only by the terms of the statute, but alike by common consent, is an adjunct necessary in the fulfillment of the objective of the Church.

What we have said is not to be taken or construed as suggesting immunity from taxation of real property held or used for gain or profit, in whole or in part, by churches or other organizations included in the local statutory exemptions. All that is decided here is that, in the admitted facts of the case, this respondent's rectory is within the tax exemption clause.

Affirmed.